IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| GRAND OAKS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Misc. No. 00-MC-028 |
| | ) |
| ARTHUR W. ANDERSON, SR., and | ) |
| JERRY L. HOLLINGSWORTH, | ) |
| | ) |
| Defendants. | ) |

**ORDER DENYING DEFENDANTS' MOTION FOR RECUSAL**
**ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION OF THE COURT'S SEPTEMBER 7, 2004, ORDER**
**AND**
**ORDER DENYING DEFENDANTS' MOTION TO REASSIGN ALL REMAINING ISSUES TO THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendants' motion for recusal pursuant to 28 U.S.C. § 144, second renewed motion for reconsideration of the Court's September 7, 2004, order,[1] and motion to reassign all remaining issues to the United States Magistrate Judge, filed September 29, 2004. Plaintiff did not file a response to Defendants' motions.

Defendants move for recusal pursuant to 28 U.S.C. § 144. This statute provides that:

---

[1] Defendants' motion seeks reconsideration of the Court's September 17, 2004, order. However, the record in this case reveals that no order was issued on September 17, 2004. Instead, the record shows that the Court issued an order on September 7, 2004, denying Defendants' motion for reconsideration of an order issued by the Court on August 9, 2004, and denying Defendants' motion to refer all future filings to the United States Magistrate Judge.

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 7-12-05

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144. An affidavit filed pursuant to § 144 must "'allege[ ] facts which a reasonable person would believe would indicate a judge has a personal bias against the moving party.'" Youn v. Track, Inc., 324 F.3d 409, 423 (6th Cir. 2003) (quoting Gen. Aviation, Inc. v. Cessna Aircraft, Co., 915 F.2d 1038, 1043 (6th Cir. 1990)).

In addition, 28 U.S.C. § 455 requires a district judge to recuse him or herself from a case in certain circumstances. That statute provides, in pertinent part, that:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
>> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

2

28 U.S.C. § 455. The United States Court of Appeals for the Sixth Circuit has stated that "[u]nder 28 U.S.C. §§ 144 and 455, a judge must recuse [him or herself] if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality." Hughes v. United States, 899 F.2d 1495, 1501 (6th Cir. 1990). In addition, courts are required to give consideration to whether a judge's alleged bias is derived from an extrajudicial source, although the fact that a judge's opinion about the case or a party stems from such a source is neither necessary nor sufficient to require recusal. Bell v. Johnson, 404 F.3d 997, 1005 (6th Cir. 2005) (citing Liteky v. United States, 510 U.S. 540 (1994)).

Upon review of the Defendants' submissions and affidavits, and the record in this case, the Court finds that recusal is not warranted and therefore DENIES Defendants' motion for recusal pursuant to 28 U.S.C. § 144. In addition, because good cause has not been shown, the Court DENIES Defendants' motions to reconsider the Court's September 7, 2004, order and to reassign all remaining issues to the United States Magistrate Judge.

So ORDERED this __8__ day of July, 2005.

JON P. McCALLA
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 162 in case 2:00-MC-00028 was distributed by fax, mail, or direct printing on July 12, 2005 to the parties listed.

---

David J. Cocke
THE BOGATIN LAW FIRM
1661 International Place Dr.
Ste. 300
Memphis, TN 38120

Arthur W. Anderson
P.O. Box 242041
Memphis, TN 38124

Honorable Jon McCalla
US DISTRICT COURT