IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| GRAND OAKS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )  Misc. No. 00-MC-028 Ml/P |
| | ) |
| ARTHUR ANDERSON, and | ) |
| JERRY HOLLINGSWORTH, | ) |
| | ) |
| Defendants. | ) |

REPORT AND RECOMMENDATION

Before the court are two motions filed by Defendant Arthur Anderson ("Anderson") requesting a hearing and relief under Rule 60(b), filed on March 17, 2005 (dkt #153) and May 23, 2005 (dkt #158) (collectively "Anderson motions"). Plaintiff Grand Oaks filed its response on April 14, 2005. Anderson filed a reply on April 22, 2005. The matter was referred to the United States Magistrate Judge for report and recommendation. For the reasons below, the court recommends that the Anderson motions be DENIED.

I. PROPOSED FINDINGS OF FACT

Anderson's motions stem from a contempt hearing held on November 1, 2002, in which the district court directed Anderson to turn over, by November 18, 2002, 200 shares of stock subject to a

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 10-3-05

writ of execution to the United States Marshal's Service.[1] Prior to the contempt hearing, Anderson served subpoenas duces tecum on three non-party witnesses directing them to appear and produce documents at the contempt hearing. Grand Oaks sought to quash these subpoenas, and on October 30, 2002, the district court granted Grand Oaks's motion to quash on the grounds that the subpoenaed witnesses were irrelevant to the contempt hearing.

On July 6, 2004, Anderson filed a motion styled "Motion Requesting Judge Jon P. McCalla to Overturn Order November 8, 2002 Docket (68) to Turn Over My 200 Shares of Stock Without Appraisal, Audit or Bond. Enclosed New Evidence Exhibit (12)(3)(3A)," asking the district court to reconsider its November 8 order. Specifically, Anderson requested the court to order a hearing and grant Anderson relief from the court's November 8 order under Rule 60(b)(2) on the basis of new evidence. On July 8, 2004, the district court denied Anderson's July 6 motion.

In the March 17 motion, Anderson argues that the district court's July 8 order should be reversed on the basis of new evidence and fraud. Anderson contends that he has "new evidence" that opposing counsel committed a fraud upon the court in submitting its proposed order to quash subpoenas that was later entered by the district court on October 30. Anderson argues that

---

[1] On November 8, 2002, the district court entered an order on the court's ruling at the November 1 hearing.

had the court been presented with this "new evidence" of fraud at the time he filed his first Rule 60(b) motion on July 6, 2004, he would have been granted relief from the October 30 order quashing his subpoenas. In the May 23 motion, Anderson reiterates his claims of new evidence and fraud and repeats his request for a hearing on his March 17 motion.

## II.  PROPOSED CONCLUSIONS OF LAW

Federal Rule of Civil Procedure 60(b) provides that:

> the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for . . . newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b) [or] . . . fraud . . . misrepresentation, or other misconduct of an adverse party . . . . The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Fed. R. Civ. P. 60(b)(2)-(3). In his current motions, it is not entirely clear whether Anderson is asking the court to reconsider its October 30 order quashing the subpoenas or asking the court to again reconsider its November 8 order. It is submitted that under either interpretation, Anderson's motions should be denied. First, Anderson's motions are time-barred, since the motions were filed more than one year after the court entered its October 30 and November 8, 2002 orders, as provided under Fed. R. Civ. P. 60(b).[2]

---

[2] As Anderson is asking the district court to overturn its prior orders, the court construes Anderson's motions as a motion for reconsideration. When a motion for reconsideration is filed within 10 days of the judgment it seeks to challenge, it is

Second, after a careful review of the entire record in this case, including all of Anderson's filings, exhibits, and arguments, the court concludes that the record does not justify a hearing on Anderson's motions or a reversal of the district court's prior orders. Anderson has attached to his motions complaints filed against opposing counsel, including complaints filed with the chief disciplinary counsel of the Tennessee Board of Professional Responsibility and complaints filed with the Secretary of State for Mississippi. This information is conclusory, cumulative of Anderson's previous allegations against opposing counsel and Grand Oaks, and does not provide any basis to warrant a hearing on Anderson's motions or a reversal of the district court's prior orders. As to the other miscellaneous exhibits that Anderson has attached to his motions, all of these exhibits appear to be several years old, and in any event, likewise do not justify a hearing or reversal.

Finally, to the extent that Anderson asks the court to overturn its prior orders on the basis that the proposed order

---

properly considered "a motion to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e)." Madison v. George E. Fern Co., 54 Fed. Appx. 600, 603 (6th Cir. 2002); see also Shepherd v. Int'l Paper Co., 372 F.3d 326, 328 n.1 (5th Cir. 2004). Under Rule 59(e), a party must file a "motion to alter or amend a judgment . . . no later than 10 days after entry of the judgment." Fed. R. Civ. P. 59(e). When a motion for reconsideration is filed after this ten day period, it is properly treated as a Rule 60(b) motion. Shepherd, 372 F.3d at 328 n.1. Anderson's motions, filed on March 17 and May 23, 2005, are therefore untimely under both Rule 59 and Rule 60.

submitted by opposing counsel that was signed by the court on October 30 was fraudulent, Anderson fails to demonstrate fraud under any standard, much less the clear and convincing evidence standard required under Fed. R. Civ. P. 60(b)(3). See Mayhew v. Gusto Records, Inc., 69 Fed. Appx. 681, 682-83 (6th Cir. 2003) (holding that fraud must be proved by clear and convincing evidence to justify reversal under Rule 60(b)(3)); see also Simons v. Gorsuch, 715 F.2d 1248, 1253 (7th Cir. 1983).

### III.  CONCLUSION

In summary, the court submits that a hearing on Anderson's motions is neither required nor warranted. The court further submits that there is no basis for the court to reverse or overturn its prior orders. For these reasons, the court recommends that Anderson's motions be DENIED.

Respectfully Submitted.

_/s/ Tu M. Pham_
TU M. PHAM
United States Magistrate Judge

_September 30, 2005_
Date

**NOTICE**

ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN TEN (10) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN TEN (10) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 164 in case 2:00-MC-00028 was distributed by fax, mail, or direct printing on October 3, 2005 to the parties listed.

---

Arthur W. Anderson
P.O. Box 242041
Memphis, TN 38124

David J. Cocke
THE BOGATIN LAW FIRM
1661 International Place Dr.
Ste. 300
Memphis, TN 38120

Honorable Jon McCalla
US DISTRICT COURT