FILED BY _____ __ ____D.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

05 DEC 19 AM 9:15

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | |
|---|---|
| GRAND OAKS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 00-MC-028 Ml/P |
| | ) |
| ARTHUR W. ANDERSON, Sr. and | ) |
| JERRY HOLLINGSWORTH, | ) |
| | ) |
| Defendants. | ) |

**ORDER ADOPTING REPORT AND RECOMMENDATION AND ORDER DENYING
DEFENDANTS' JULY 11, 2005 MOTION**

On July 7, 2005, the Court referred Defendant Arthur W. Anderson, Sr.'s motions requesting a hearing and relief under Federal Rule of Civil Procedure 60(b), filed March 17, 2005, and May 23, 2005, to United States Magistrate Judge Pham for a report and recommendation.  Magistrate Judge Pham issued a Report and Recommendation on September 20, 2005, recommending that Defendant's motions be denied.  Defendant Anderson and Defendant Jerry Hollingsworth filed an objection on October 17, 2005, titled "Defendants Objection to Court Order Entered on October 3, 2005 or in the Alternative an FRCP Rule 59 Motion to Alter or Amend Order."  Plaintiff did not file a response to Defendants' objection.

Also before the Court is Defendant Anderson's July 11, 2005, motion, titled "Defendants Reuesting [sic] Judge Jon P McCalla

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on _12-19-05_

(166)

and US Magistrate Judge Tu M Pham to Answer Request by the Defendants Filed May 23, 2005 8:58 AM Exhibit (1) Grant or Deny for 60(b) Hearing on Dockets Below." In his motion, Defendant requests that this Court or Magistrate Judge Pham rule on his May 23, 2005, motion.

The September 30, 2005, Report and Recommendation sets forth the following background facts:

> Anderson's motions stem from a contempt hearing held on November 1, 2002, in which the district court directed Anderson to turn over, by November 18, 2002, 200 shares of stock subject to a writ of execution to the United States Marshal's Service. Prior to the contempt hearing, Anderson served subpoenas duces tecum on three non-party witnesses directing them to appear and produce documents at the contempt hearing. [Plaintiff] Grand Oaks sought to quash these subpoenas, and on October 30, 2002, the district court granted Grand Oaks's motion to quash on the grounds that the subpoenaed witnesses were irrelevant to the contempt hearing.

(Sept. 30, 2005, Report and Recommendation 1-2).

In his Report, Magistrate Judge Pham recommended that Defendant's Rule 60(b) motion for reconsideration of this Court's November 8, 2002, order[1] be denied as time-barred pursuant to Rule 60(b). Defendant's motions for reconsideration were filed on March 17, 2005, and May 23, 2005, more than one year after entry of this Court's order. Magistrate Judge Pham also

---

[1] The Court's November 8, 2002, order directed Defendant Anderson to "deliver the stock that is subject to the writ of execution to the U.S. Marshal Service" and to "respond to Plaintiff's requests for discovery in aid of execution."

2

determined that the record in this case, including all of the filings, exhibits, and arguments, do not justify a hearing on Defendant's motions or a reversal of this Court's previous orders.  Finally, Magistrate Judge Pham determined that "to the extent that Anderson asks the court to overturn its prior orders on the basis that the proposed order submitted by opposing counsel that was signed by the court on October 30[, 2002] was fraudulent, Anderson fails to demonstrate fraud under any standard, much less the clear and convincing evidence standard required under Fed. R. Civ. P. 60(b)(3)."  Accordingly, Magistrate Judge Pham recommended that Defendant's motions be denied on this ground as well.

Defendants object to Magistrate Judge Pham's Report and Recommendation on two grounds.  Defendants first argue that the March 17, 2005, and May 23, 2005, motions "originated" from an earlier motion for a Rule 60(b) hearing that was filed on April 7, 2003.  Since the April 2003 motion[2] was timely filed, Defendants contend, all of their subsequent Rule 60(b) motions should be deemed timely.  Defendants apparently also argue that they would be able to obtain "new evidence" of fraud sufficient to prove that the November 8, 2002, order should be overturned if

---

[2] This motion and all of Defendants' subsequent motions requesting Rule 60(b) relief were denied by this Court. (See Order Denying Request for Rule 60(b) Hearing, entered July 8, 2004; Order Correcting Docket, entered July 12, 2004.)

3

Defendants' subpoenas, which this Court quashed in its October 30, 2002, order, were reinstated.

The Court has reviewed <u>de novo</u> Magistrate Judge Pham's Report and Recommendation, Defendants' objections, and the record in this matter. The Court agrees with Magistrate Judge Pham's recommendations and finds Defendants' objections to be without merit. Accordingly, the Court ADOPTS Magistrate Judge Pham's September 30, 2005, Report and Recommendation in its entirety. The Court also DENIES Defendant Anderson's July 11, 2005, motion for a ruling on the May 23, 2005, motion as MOOT.

So ORDERED this 16 day of December, 2005.

JON P. McCALLA
UNITED STATES DISTRICT JUDGE

4

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 166 in case 2:00-MC-00028 was distributed by fax, mail, or direct printing on December 19, 2005 to the parties listed.

---

David J. Cocke
THE BOGATIN LAW FIRM
1661 International Place Dr.
Ste. 300
Memphis, TN 38120

Arthur W. Anderson
P.O. Box 242041
Memphis, TN 38124

Honorable Jon McCalla
US DISTRICT COURT